IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK KARL JOST,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. CV 16-5525 R (MRW)<br><br>**ORDER DISMISSING SUCCESSIVE HABEAS ACTION** |

The Court summarily dismisses the action pursuant to the successive habeas petition rule in 28 U.S.C. § 2244.

\* \* \*

This is a state habeas action. Petitioner was convicted of murder in 1990. He is currently serving a sentence of 17 years to life in state prison.

This is Petitioner's third habeas action in federal court challenging that conviction. In his first federal action in 2011 – challenging his 1990 conviction – the Court dismissed the matter with prejudice as untimely. Jost v. People, No. CV 11-151 R (FMO) (C.D. Cal.) (Docket # 33). The United States Court of Appeals

1 for the Ninth Circuit declined to issue a certificate of appealability regarding that
2 dismissal. (Docket # 46.)
3       Petitioner filed his second habeas action in this Court in December 2014.
4 <u>Jost v. People</u>, CV 14-9618 R (MRW) (C.D. Cal.). That petition also alleged
5 claims related to his 1990 trial. The Court concluded that Petitioner's second
6 action was successive and not filed with advance permission from the appellate
7 court. The Court summarily dismissed the action. The Ninth Circuit again
8 declined to issue a certificate of appealability. (Docket # 15.)
9       Petitioner commenced the present habeas action in this Court in July 2016.
10 This third action appears to present similar claims regarding Petitioner's denial of
11 guilt and the effectiveness of his lawyers. As before, the petition is not
12 accompanied by a statement of permission from the Court of Appeals.
13       Magistrate Judge Wilner reviewed the petition shortly after its filing.
14 Judge Wilner directed Petitioner to submit a supplemental statement as to why the
15 action should not be dismissed as a second or successive petition prohibited under
16 AEDPA. (Docket # 4.) Petitioner submitted a statement in response to
17 Judge Wilner's Order. (Docket # 6.) However, that statement was essentially a
18 recitation of various legal principles; Petitioner offered no facts or arguments
19 tailored to his case or the issue that the Court identified. Notably, Petitioner failed
20 to explain why he did not seek permission from the Ninth Circuit before filing this
21 new habeas action.
22           \* \* \*
23       If it "appears from the application that the applicant or person detained is not
24 entitled" to habeas relief, a court may dismiss a habeas action without ordering
25 service on the responding party. 28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules
26 Governing Section 2254 Cases in United States District Courts (petition may be
27 summarily dismissed if petitioner plainly not entitled to relief); Local Civil
28

Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3). Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

When an earlier habeas action is dismissed with prejudice as untimely, that "presents a permanent and incurable bar to federal review of the underlying claims[. D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA." McNabb, 576 F.3d at 1030; Remsen v. Attorney Gen. of California, 471 F. App'x 571 (9th Cir. 2012) (same).

\* \* \*

The current action is successive. Petitioner previously challenged his conviction in this Court in 2011. His petition was dismissed with prejudice as untimely. The Ninth Circuit declined to review that decision.

As a result, that 2011 dismissal became a "permanent and incurable bar to federal review" unless a federal appeals court gave Petitioner advance permission to file a new action. McNabb, 576 F.3d at 1030. In neither of Petitioner's following habeas actions (the 2014 action or the present case) did Petitioner seek

1  or receive permission from the appellate court to pursue a successive habeas
2  action. The current action is therefore subject to summary dismissal as successive.
3  Burton, 549 U.S. at 157; 28 U.S.C. § 2244(b)(3). The action must be DISMISSED
4  without prejudice.
5      IT IS SO ORDERED.

Dated: September 13, 2016    _____
    HON. MANUEL L. REAL
    UNITED STATES DISTRICT JUDGE

4